UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 DONALD J.,

                    Plaintiff,                              **DECISION AND ORDER**
              v.
                                                           1:22-CV-00232-EAW
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

## INTRODUCTION

Plaintiff Donald J. ("Plaintiff") seeks attorneys' fees in the amount of $27,600.00

pursuant to 42 U.S.C. § 406(b).  (Dkt. 11).  The Commissioner of Social Security ("the

Commissioner") defers to the Court to make a determination on Plaintiff's fee request.

(Dkt. 13).  For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On March 18, 2022, Plaintiff filed this action, seeking review of the Commissioner's

final decision denying his application for Disability Insurance Benefits ("DIB") and

Widower's Insurance Benefits.  (Dkt. 1).  Plaintiff moved for judgment on the pleadings

on August 11, 2022.  (Dkt. 6).  On September 16, 2022, the Court approved the parties'

stipulation for remand, reversing the Commissioner's final decision, and remanding the

matter for further proceedings.  (Dkt. 8).

By Stipulated Order filed on October 20, 2022, the Court approved payment of $5,236.24 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action and awarded $402.00 in costs. (Dkt. 10).

On July 12, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's claims, which stated that it withheld $40,389.00 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 11-3 at 3).

On July 31, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $27,600.00 in attorneys' fees. (Dkt. 11). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $5,236.24 under the EAJA; however, as of the filing of the pending motion, it had not received the award. (Dkt. 11-1 at 2; Dkt. 11-2 at ¶ 7). Counsel indicates that upon receipt of the EAJA fees, his office will refund them to Plaintiff. (*Id.*). The Commissioner filed a response on August 9, 2023. (Dkt. 13).

## DISCUSSION

### I.   Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

- 2 -

Here, the Commissioner issued the Notice of Award on July 12, 2023. (Dkt. 11-3).

Plaintiff's counsel filed his application on July 31, 2023. (Dkt. 11). Accordingly,

Plaintiff's application is timely.[1]

## II.    The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney

to seek court approval of his or her fees, not to exceed 25 percent of the total past-due

benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an

independent check, to assure that they yield reasonable results in particular cases."

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary

line: Agreements are unenforceable to the extent that they provide for fees exceeding 25

percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney

for the successful claimant must show that the fee sought is reasonable for the services

rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or

less than 25 percent of the client's total past-due benefits. "To the contrary, because section

406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the

---

[1]    The deadline fell on Saturday, July 29, 2023, and thus was extended to Monday, July 31, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C).

attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.   As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).   Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel states that the $27,600.00 sought is reasonable in light of the total amount of past-due benefits—$161.556.00—recouped by Plaintiff and because it reflects the contingent nature of recovery.  (Dkt. 11-1 at 7-8).  The Commissioner neither

supports nor opposes counsel's request for $27,600.00.  (Dkt. 13 at 1).  Utilizing the factors set forth above, the Court finds that the amount counsel seeks in within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.   Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought.  There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by multiple denials of his application at the agency level.  Accordingly, the hours expended by counsel were reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's expertise, and the absence of any significant delay in the proceedings caused by counsel.

The requested fee would result in a *de facto* hourly rate of $1,200.00 ($27,600.00 divided by 23.00 hours).  (Dkt. 11-1 at 9; Dkt. 11-4; Dkt. 11-5).  The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall.  Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $400.00 per hour (Dkt. 11-2 at ¶ 11), counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and remand of Plaintiff's applications, ultimately resulting in a favorable decision.  (Dkt. 11-6).  The effective hourly rate of $1,200.00 falls within the range of rates under § 406(b) approved by courts.  *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-cv-00301, 2023 WL 3737712, at *2 (D. Conn. May 31, 2023) (the *de facto* hourly rate is $1,100.82 was reasonable);

*Leonard J.H. v. Comm'r of Soc. Sec.*, No. 18-CV-1436-FPG, 2023 WL 2768300, at *4 (W.D.N.Y. Apr. 4, 2023) (an hourly rate of $1,473.77 was not a windfall) (collecting cases); *John C. v. Comm'r of Soc. Sec.*, No. 20-CV-99-FPG, 2023 WL 2623584, at *2 (W.D.N.Y. Mar. 24, 2023) (the *de facto* hourly rate of $1,685.3 was not a windfall); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel).  Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $1,200.00 is reasonable and in line with awards generally approved in this District for similar work performed.  The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'"  *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371).  Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)."  *Id*. (quotation marks omitted).

The Court also notes that in the event counsel receives the previously awarded EAJA fee of $5,236.24, he is required to return it to Plaintiff.  (Dkt. 10).  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 11) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $27,600.00; and (2) in the event Plaintiff's counsel receives

the previously awarded EAJA fee of $5,236.24, he is hereby directed to refund it to Plaintiff.

      SO ORDERED.

_____
ELIZABETH A. WOLFORD,
Chief Judge
United States District Court

Dated:      November 20, 2023
            Rochester, New York